IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-692-F

| | |
|---|---|
| FERNANDEZ COMMUNITY CENTER, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) **ORDER**<br>) |
| TOSHIBA BUSINESS SOLUTIONS (USA), INC., and DE LAGE LANDEN FINANCIAL SERVICES, INC. d/b/a TOSHIBA FINANCIAL SERVICES, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court on an Amended Motion to Dismiss [DE-17] filed by Defendant De Lage Landen Financial Services, Inc. ("DLL"). For the reasons stated herein, the motion is DENIED. However, as explained below, Fernandez Community Centers, LLC ("Fernandez"), is DIRECTED to file a second amended complaint within twenty-one (21) days of this order, at which time DLL may file another motion to dismiss if it so chooses.

I. **PROCEDURAL AND FACTUAL HISTORY**

Fernandez brought claims against Toshiba Business Solutions (USA), Inc. ("Toshiba"), and DLL on October 6, 2014. *See* Amended Complaint [DE-1-2]. The facts of the Amended Complaint, which the court must accept as true for purposes of this motion, show the following.

Fernandez contracted with Toshiba to acquire a computer system that would help Fernandez to manage its databases, integrate its computer systems, and generate reports. *Id.* ¶¶ 8-12, 17. The original agreement resulted from a meeting and presentation where Toshiba made

various promises regarding the proposed system. *See id.* ¶¶ 11-17. Afterwards, Fernandez began making payments, and Toshiba began installing the system. *See id.* ¶¶ 19-22. However, in the fall of 2013, Toshiba informed Fernandez that the system as promised was undeliverable. *See id.* ¶ 23.

The parties entered into a second agreement, and Toshiba assured Fernandez that the system provided under the terms of the second agreement would meet Fernandez's objectives. *See id.* ¶¶ 24-26. However, the system would require different hardware, and Toshiba did not explain how payments made on the first system would be applied under the second agreement. *See id.* ¶¶ 27-28. The second agreement also contained a financing or "lease" agreement, with DLL as the Lessor under the lease agreement. *See id.* ¶ 32. The second agreement "was once again marked by delays and deficiencies." *Id.* ¶ 35. Ultimately, the second proposal failed to meet the requirements of both the original or second agreement. *See id.* ¶ 41. Fernandez has brought claims based on Toshiba's alleged misrepresentations and breach of contract.

As part of Fernandez's fraud claims against Toshiba, Fernandez alleges that "Toshiba knew that its representations were false or that the representations of fact were made with reckless indifference as to their truth or falsity." *Id.* ¶ 50. Fernandez further alleges that "Toshiba knew or in the exercise of reasonable care and competence should have known that its products did not comply or conform to Plaintiff's objectives and requirements" under the original and second agreements. *Id.* ¶ 58. Finally, Fernandez alleges that "Toshiba knew or . . . should have known that its product was not capable of performing all the functions that Plaintiff required." *Id.* ¶ 61. DLL moves only to dismiss Fernandez's Tenth Claim for Relief, which is rescision as to DLL based on Toshiba's fraud and breach.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'ground' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### a. Fernandez's claim for rescission based on fraud survives DLL's motion to dismiss.

DLL moves to dismiss the sole claim against it, which is for rescission based on Toshiba's breach of contract and alleged fraud. *See* Am. Compl. [DE-1-2] ¶¶ 102-110. Rescission, in and of itself, is not a cause of action but an equitable remedy. *See Superior*

3

*Performers, Inc. v. Ewing*, No. 1:14CV232, 2015 WL 3823907, at *4 (M.D.N.C. June 19, 2015).
"A rescission implies the entire abrogation and undoing of the contract from the beginning."
*Lumsden v. Lawing*, 107 N.C. App. 493, 502, 421 S.E.2d 594, 599 (1992). That is, a rescission "seeks to create a situation the same as if no contract ever had existed." *See Brannock v. Fletcher*, 271 N.C. 65, 74, 155 S.E.2d 532, 542 (1967). Thus, rescission as a remedy exists independent of the contract itself.

Here, DLL argues that Fernandez's claim against it for rescission must be dismissed because of the terms of the contract. However, if the contract resulted from fraud, Fernandez's claim for rescission must survive because "fraud in the inducement . . . renders the contract void." *See Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 464, 323 S.E.2d 23, 25 (1984). This holds true regardless of the terms of the contract. If Fernandez was indeed induced to enter the contract because of fraud, then its claim for rescission must survive. Therefore, DLL's Amended Motion to Dismiss [DE-17] is DENIED. However, the court has other concerns regarding the Amended Complaint that it raises *sua sponte*.

### b. Because Fernandez has not stated a claim for fraud, the court gives Fernandez notice that it must file an amended complaint, after which DLL may renew its motion to dismiss.

To state a claim for rescission, a party must also state "a plausible underlying claim for such relief." *Superior Performers*, 2015 WL 3823907, at *4. In this case, Fernandez's basis for rescission is breach and fraud. *See* Am. Compl. [DE-1-2] ¶¶ 105-06. However, courts will not grant rescission based only on a simple breach of contract. Rescission is a remedy based upon a substantial breach or some underlying deficiency in creating the contract, such as "fraud, imposition, undue influence, or like oppressive circumstances." *See Tarlton v. Keith*, 250 N.C. 298, 305, 108 S.E.2d 621, 625 (1959). Absent one of those additional factors, courts are unlikely

4

to grant rescission for mere breach of contract. Therefore, Fernandez must have stated a claim for fraud in order to have stated a claim for rescission.

The North Carolina Supreme Court has articulated the elements of actionable fraud: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injur[ed] party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). In the case of false representations, the plaintiff's reliance on any misrepresentation must be reasonable. *Forbis v. Neal*, 361 N.C. 519, 527, 649 S.E.2d 382, 387 (2007). Moreover, a plaintiff must plead with particularity the circumstance constituting fraud. *See* Fed. R. Civ. P. 9(b).[1] This particularity requires that a plaintiff, "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted). In other words, the plaintiff must state the "who, what, when, where, and how of the alleged fraud." *Id.* (internal quotation marks omitted).

The court has reviewed the Amended Complaint and finds that Fernandez has not presently stated a claim for fraud. Specifically, Fernandez has failed to allege with particularly that any statements made by Toshiba were made with the intent to deceive. *See Ragsdale*, 286 N.C. at 138, 209 S.E.2d at 500. The only allegations to that effect are conclusory. *See, e.g.*, Amended Complaint [DE-1-2] ¶¶ 50, 58, 61. The court notes, without concluding, that Fernandez's allegations do appear to support its other claims, based primarily on breach of contract. However, none of these allegations support a finding of "fraud, imposition, undue

---

[1] This same pleading standard also applies to a claim of negligent misrepresentation. *See Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, No. 1:14CV1013, 2015 WL 4621859, at *5 (M.D.N.C. Aug. 3, 2015) (holding the same and collecting cases).

5

influence, or like oppressive circumstances," such that the court might consider granting rescission of the contract. *See Tarlton*, 250 N.C. at 305, 108 S.E.2d at 625.

Because the court raises this concern *sua sponte*, Fernandez must be given notice and opportunity to be heard. Therefore, Fernandez has twenty-one (21) days from the date of this order to file a second amended complaint alleging with particularity its claims for fraud. Failure to do so will result in dismissal of both Fernandez's First and Second Claims for Relief—fraud and negligent misrepresentation—as well as its Ninth and Tenth Claims for Relief—rescission as to Toshiba and DLL, respectively. Once Fernandez has filed its second amended complaint, DLL may file another motion to dismiss if it so chooses.

## IV. CONCLUSION

For the reasons to stated herein, the Amended Motion to Dismiss [DE-17] is DENIED. Fernandez is DIRECTED to file a second amended complaint within twenty-one (21) days of this order. DLL can then file another motion to dismiss if it so chooses. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the 26 day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge